# RECEIVED

2009 SEP 1  DB
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION**

LISA PRINGLE,                                    >
     Plaintiff,

v.                                               >          No. _____
                                                            JURY DEMAND
PRIMERICA LIFE INSURANCE COMPANY,
     Defendant.                    >

## COMPLAINT

Comes the Plaintiff, and for cause of action, states as follows:

1.    Plaintiff is a citizen and resident of Rutherford County, Tennessee. Defendant is an insurance company, incorporated in Massachusetts, with its principal place of business in Georgia. This court therefore has jurisdiction of this cause based upon complete diversity of citizenship, pursuant to 28 U.S.C. 1332.

2.    On or about November 21, 2006, the parties entered into a contract of life insurance, in Rutherford County, Tennessee, on Plaintiff and her husband Adrian Pringle, now deceased. A copy of the temporary policy is attached hereto as exhibit A.

3.    The application was totally completed by Marietta R. Fondren, an agent or employee of Defendant. During that interview, in response to a question on page 4 of the application, Adrian Pringle advised Ms. Fondren that he had been previously incarcerated. For reasons unknown to Plaintiff, Ms. Fondren did not place a check mark in the correct box. Nor did she permit Plaintiff or her spouse to review the application once she had filled it out, or place their initials at the bottom of each page. The only portion of the application actually seen by Plaintiff and her husband was the page they signed. A copy of the application is attached hereto as exhibit B.

4.  Policy number 04-33765389 was subsequently issued, providing that upon the death of either spouse, the beneficiary would receive $125,000.00.

5.  Adrian Pringle died at the hand of an unknown assailant on June 17, 2007, in Rutherford County, Tennessee.

6.  Plaintiff made a claim on the life insurance policy with Defendant, as his only beneficiary, on or about June 18, 2007.

7.  Defendant wrongfully denied coverage to Plaintiff under that policy, on September 2, 2008, alleging misrepresentation, in direct contravention of T.C.A. 56-7-103. A copy of the letter is attached hereto as exhibit C.

8.  That action constitutes willful breach of contract, for which Plaintiff should be awarded compensatory damages proximately caused by Defendant's actions, along with punitive damages.

9.  Alternatively, Defendant is liable to Plaintiff for its violation of the Tennessee Consumer Protection Act, specifically, T.C.A. 47-18-104(27), as a result of its use of an unfair or deceptive act or practice, in denying coverage on the claim. Plaintiff seeks an award of her compensatory damages, and as the unfair or deceptive act was willful or knowing, she is entitled to have those actual damages trebled pursuant to 47-18-109. Plaintiff further seeks an award of attorney's fees, as permitted by the statute.

10. Plaintiff is also entitled to specific performance of the contract, and through this court's powers of equity, is entitled to an order enjoining Defendant to provide coverage for the June 17, 2007 death of Adrian Pringle, according to the terms of coverage extended in the policy.

11. Plaintiff is alternatively entitled to damages under T.C.A. 56-7-105, based upon Defendant's bad faith refusal to pay the claim within the time limits therein, including actual damages, the 25% bad faith penalty, and attorney's fees, as Defendant's refusal to honor the claim was without reasonable cause.

WHEREFORE, Plaintiff prays as follows:

1. That she be awarded compensatory and punitive damages in an amount not to exceed $500,000.00, or alternatively, her actual damages in the amount of the policy benefit of $125,000.00, trebled, for an additional $250,000.00 damages, and a one-third attorney's fee on those amounts in the additional amount of $125,000.00, for total damages in the amount of $500,000.00, under the Tennessee Consumer Protection Act, or, alternatively actual damages and bad faith damages and attorney's fees under T.C.A. 56-7-105(a);

2. That Defendant, upon a hearing of this matter, be enjoined to specifically perform the contract of insurance, by extending coverage to the death of Adrian Pringle of June 17, 2006, according to the terms of coverage in the policy.

3. For trial by jury of this cause, and such other and further relief as the court deems appropriate, including costs of this cause.

Respectfully submitted,

Mark W. Henderson, #11525
Attorney for Plaintiff
3735 N. Mt. Juliet Rd., Ste. 202
Mt. Juliet, TN 37122
(615) 553-5015